UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA          )
                                  )
v.                                )          No. 2:10-CR-00078-JRG
                                  )
JASON S. MORGAN                   )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Sealed Motion for Self-Report Date and Credit for Time on Supervised Release [Doc. 69] and the United States' Response in Opposition [Doc. 70]. For the reasons herein, the Court will grant Defendant's motion in part and deny it in part.

## I.  BACKGROUND

In 2010, Defendant Jason S. Morgan pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Minute Entry, Doc. 12; Factual Basis, Doc. 13]. Mr. Morgan had eight prior convictions for aggravated burglary in Tennessee, and the Court determined, based on these convictions, that he qualified as an armed career criminal under 18 U.S.C. § 924(e)(1), [Statement of Reasons at 2–6 (on file with the Court)], which requires the imposition of a mandatory minimum sentence of fifteen years if the defendant has at least three prior convictions "for a violent felony," 18 U.S.C. § 924(e)(1). A "violent felony" includes a conviction for burglary and, at the time, also included "any crime punishable by imprisonment for a term exceeding one year . . . that . . . . *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" *Id.* § 924(e)(2)(B)(ii) (emphasis added). These italicized words comprised the residual clause of the Armed Career Criminal Act ("ACCA"),

Pub. L. No. 98-473, 98 Stat. 1801 *et seq*. The Court sentenced Mr. Morgan to 188 months' imprisonment followed by five years' supervised release. [J., Doc. 20, at 2–3].

Mr. Morgan eventually moved to vacate his sentence under under 28 U.S.C. § 2255. [Mot. to Vacate, Doc. 25]. After the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated the ACCA's residual clause, Mr. Morgan moved to supplement his § 2255 petition, arguing that this convictions for aggravated burglary no longer qualified as a predicate offense under the ACCA. [Suppl., Doc. 40]. Mr. Morgan then moved to defer ruling on his § 2255 petition until the Sixth Circuit decided *United States v. Stitt*, 860 F.3d 854, 862 (6th Cir. 2017), a case that was, at the time, pending before it. [Mot. to Defer Ruling, Doc. 42]. In *Stitt*, the Sixth Circuit examined the Tennessee statute under which Mr. Morgan was convicted for aggravated burglary and held that "a conviction under the statute does not qualify as an ACCA predicate offense." 860 F.3d at 857. Relying on *Johnson* and *Stitt*, this Court vacated Mr. Morgan's original sentence, [J., Doc. 49], and resentenced him to an amended sentence of time served and three years' supervised release, [J., Doc. 54, at 2–3].

The Supreme Court, however, later reversed *Stitt*, *United States v. Stitt*, 139 S. Ct. 399, 404, 408 (2018), and in May 2020, the Sixth Circuit entered an opinion vacating Mr. Morgan's amended sentence and remanding the case with instructions for this Court to reinstate Mr. Morgan's original sentence of 188 months' imprisonment followed by five years' supervised release, [Sixth Circuit Op., Doc. 63, at 1–3]. The Sixth Circuit has now issued its mandate [Doc. 65].

## II. ANALYSIS

After the Sixth Circuit issued its mandate, Mr. Morgan, through his counsel, the Federal Defender Services of Eastern Tennessee ("FDS"), requested permission to self-report no earlier

2

than January 1, 2021, citing his "non-violent nature, his serious health conditions, and his efforts while on supervised release." [Def.'s Mot., Doc. 69, at 2]. The United States does not oppose this request. [United States' Resp., Doc. 70, at 1]. FDS also "asks the Court," without citing any legal authority, "to give [Mr. Morgan] credit towards his ACCA sentence for the amount of time he has served on supervised release, so that these past two-and-a-half-plus years will not be in vain." [Def.'s Mot. at 7]. The United States does oppose this request. [United States' Resp. at 4–6].

In accordance with the Sixth Circuit's instructions on remand, Mr. Morgan's original judgment [Doc. 20], which the Court entered on April 12, 2011, is hereby **REINSTATED**. To the extent FDS moves the Court to allow Mr. Morgan to self-report for service of his reinstated sentence, his motion is **GRANTED**. *See United States v. Rainey*, 480 F. App'x 842, 845 (6th Cir. 2012) (stating that a defendant's right to "self-surrender" is a "discretionary benefit[]"). Mr. Morgan is **ORDERED** to self-report to the institution designated by the Bureau of Prisons by Monday, January 4, 2021, unless the Bureau of Prisons or the United States Marshals Service directs him to self-report at a later date. Mr. Morgan's failure to self-report by this deadline will result in the Court's issuance of a bench warrant for his immediate arrest.

To the extent, however, FDS moves the Court—on what appears to be equitable rather than legal grounds—to recommend that the Bureau of Prisons provide Mr. Morgan with credit toward his reinstated custodial sentence for the time he has already spent on supervised release, his motion is **DENIED**. *See United States v. Johnson*, 529 U.S. 53, 59–60 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration. . . . The Court of Appeals erred in treating respondent's time in prison as interchangeable with his term of supervised release." (citations omitted)); *see also* 18 U.S.C. § 3585(b) ("A defendant shall be

3

given credit toward the service of a term of imprisonment for any time he has spent in official *detention* prior to the date the sentence commences[.]" (emphasis added)); *United States v. McClurg*, 3:12-CR-112-TAV-HBG-1, 2020 WL 4228306, at *2 (E.D. Tenn. July 23, 2020) ("[T]he Court cannot give defendant credit on his unserved custodial sentence for the time he has served on supervised release.").

If FDS, instead, is asking the Court to recommend that Mr. Morgan receive credit toward his reinstated five-year term of supervised release for the time he has already spent on supervised release—in effect reducing the term of supervised release in the original judgment—this request is likewise **DENIED**. First of all, FDS, again, cites no legal authority for this request. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quotation omitted)); *see also* E.D. Tenn. L.R. 7.1(b) (stating that a party's legal brief "shall include the factual and legal grounds which justify the ruling sought from the Court").

In addition, the Sixth Circuit's "remand with instructions to reinstate [Mr. Morgan's] original sentence" clearly constitutes a limited remand, [Sixth Circuit Op. at 3], which means the Court is without authority—in fact, "without jurisdiction," *United States v. Richardson*, 948 F.3d 733, 738 (6th Cir. 2020) (quotation omitted)—to exceed its scope. Indeed, "the scope of [the Sixth Circuit's] remand binds the district court." *Id.* (citation omitted); *see United States v. Cook*, 238 F.3d 786, 789 (6th Cir. 2001) ("[T]he mandate rule requires lower courts to adhere to the commands of a superior court. . . . The trial court must implement . . . the letter . . . of the mandate[.]" (quotation omitted)).

4

The Sixth Circuit has identified two categories of remands: (1) a general remand, which "permits the district court to redo the entire sentencing process, including considering new evidence and issues," and (2) a limited remand, which "explicitly outline[s] the issues to be addressed by the district court and create[s] a narrow framework within which the district court must operate." *Richardson*, 948 F.3d at 738 (quotations omitted). Although "courts operate under the rebuttable presumption that a remand is general," a "clear[] . . . intent" on the Sixth Circuit's part "to limit the scope of the district court's review" will "overcome the presumption that a remand is general." *Id.* at 378–39 (citation and quotation omitted).

In a recent case, the Sixth Circuit vacated a defendant's sentence based on the Supreme Court's reversal of *Stitt* and, in remanding the case to this Court with instructions to reinstate the original sentence, used language practically identical to the language it used here in Mr. Morgan's case. This Court ruled that the remand was a limited one. *Compare McClurg*, 2020 WL 4228306 at *1 ("We vacate the district court's judgment resentencing McClurg and remand with instructions to reinstate his original sentence."), *with* [Sixth Circuit Op. at 3 ("We vacate Morgan's modified sentence and remand with instructions to reinstate his original sentence.")]. In fact, the Sixth Circuit has previously ruled that remands that consist of broader, more open-ended language than that here in Mr. Morgan's case are limited remands. *Richardson*, 948 F.3d at 737–39 (holding that the following remand was a limited remand: "[W]e issued an order that vacated Richardson's sentence and remanded the case to the district court 'for reconsideration of Richardson's sentence in light of *Johnson v. United States*.'"); *United States v. Moore*, 131 F.3d 595, 597–600 (6th Cir. 1997) (concluding that the following remand was a limited remand: "We therefore VACATE Moore's section 924(c)(1) conviction and REMAND for further proceedings, in which both parties can have the opportunity to focus on the facts and law relevant

5

to proving that Moore used or carried a firearm during and in relation to his drug trafficking offense.").

The Court, therefore, lacks jurisdiction to deviate from the Sixth Circuit's plain-faced, limited remand—particularly in the absence of any legal authority from FDS—by imposing a sentence that differs from that in the original judgment. *Richardson*, 948 F.3d at 738; *see Moore*, 131 F.3d at 599 ("[W]e issued a limited remand . . . and we expected the district court and the parties to adhere to its limitations as required by the mandate rule."); *see also McClurg*, 2020 WL 4228306 at *3 (acknowledging that "the limited scope of the [Sixth Circuit's] remand" has "tie[d] this Court's hands"). The Court imposed a five-year term of supervised release in its original judgment, and that term of supervision was then, and must now remain, part of Mr. Morgan's sentence, *see United States v. Haymond*, 139 S. Ct. 2369, 2379–80 (2019) ("This Court has already recognized that supervised release punishments arise from and are 'treat[ed] . . . as part of the penalty for the initial offense.'" (quotation omitted)).

### III. CONCLUSION

In sum, FDS' motion [Doc. 69] is **GRANTED** to the extent FDS moves the Court to allow Mr. Morgan to self-report for the service of his reinstated sentence, but it is **DENIED** in all other respects.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

6